Filed 9/26/14  P. v. Jones CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DONNY RAY JONES,<br><br>Defendant and Appellant. | B253577<br><br>(Los Angeles County<br>Super. Ct. No. NA096688) |

THE COURT:[*]

Donny Ray Jones appeals from the judgment entered following a jury trial that resulted in his conviction for first degree burglary, with a person present (Pen. Code, § 459)[1] and grand theft auto (§ 487, subd. (d)(1)).  The trial court sentenced appellant to six years in state prison for the burglary and imposed a two-year sentence for the grand theft auto which was stayed pursuant to section 654.

---

[*]    BOREN, P. J., CHAVEZ, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]    All further references to statutes are to the Penal Code, unless stated otherwise.

We appointed counsel to represent appellant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On June 23, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

Appellant's conviction was based upon the following facts: On August 24, 2013, at approximately 5:45 a.m. appellant went to the apartment of his ex-girlfriend, Shannon Arrendondo and threatened to kill her and her male companion. He broke a downstairs window to enter the apartment and ran upstairs searching for Arrendondo's companion. Arrendondo ran outside and called the police. When Arrendondo returned to her apartment her car keys were missing and later that day she filed a stolen vehicle report.

On August 27, 2013, Arrendondo's stolen vehicle was seen by a police officer patrolling a housing development that was also being monitored by closed circuit television cameras. Appellant was standing by the vehicle when approached by police officers. The officers conducted a search of appellant and found the keys to Arrendondo's vehicle. At trial, Arrendondo was shown a video of her vehicle being driven in the housing development and identified appellant as the driver.

Arrendondo's next-door neighbor testified that on the morning of August 24, 2013, she heard appellant screaming and saw him break the downstairs window of Arrendondo's apartment. A few minutes later she saw appellant leave the apartment and drive away in Arrendondo's vehicle.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

2